JOSEPH P. RUSSONIELLO (CSBN 44332)
United States Attorney
JOANN M. SWANSON (SBN 88143)
Chief, Civil Division
Assistant United States Attorney
ILA DEISS (NY SBN 3052909)
Assistant United States Attorney

    450 Golden Gate Avenue, 9th Floor
    San Francisco, California 94102-3495
    Telephone:  (415) 436-7124
    Facsimile:   (415) 436-7169
    Email:      ila.deiss@usdoj.gov

Attorneys for USA

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| TODD R. EVERT, | No. C 07-2140 JCS |
|     Plaintiff, | |
|     v. | **STIPULATION AND AGREEMENT OF COMPROMISE AND SETTLEMENT;** |
| UNITED STATES OF AMERICA, | **AND [PROPOSED] ORDER** |
|     Defendant. | |

IT IS HEREBY STIPULATED AND AGREED by and between plaintiff Todd Evert, *pro se*, and the United States of America, (hereinafter the "Federal Defendant), by and through its undersigned counsel, as follows:

1.    The parties do hereby agree to settle, compromise and dismiss the above-captioned action ("This Action") in its entirety under the terms and conditions set forth herein.

2.    The Federal Defendant agrees to pay the sum of Four Thousand and Three Hundred Dollars ($4,300.00) to the plaintiff under the terms and conditions set forth herein.

3.    The plaintiff and Marilyn Evert, their heirs, executors, administrators, assigns and attorneys hereby agree to accept the sum of Four Thousand and Three Hundred Dollars ($4,300.00), in full and final settlement and satisfaction of the claims raised in This Action under the terms and conditions set forth herein.

4.    It is also agreed, by and among the parties, that the settlement amount of Four

1  Thousand and Three Hundred Dollars ($4,300.00) represents the entire amount payable to
2  plaintiff, his heirs, executors, administrators, assigns and attorneys.
3         5.      It is also agreed, by and among the parties, that the settlement amount of Four
4  Thousand and Three Hundred Dollars ($4,300.00) shall be made payable to Mr. Todd Evert.  The
5  check will be mailed to P.O. Box 1415, Lafayette, CA 94549.
6         6.      In consideration of the payment of Four Thousand and Three Hundred Dollars
7  ($4,300.00) as set forth above, the plaintiff agrees that he will immediately upon execution of
8  this agreement, execute a Stipulation of Dismissal, which stipulation shall dismiss, with
9  prejudice, all parties and all claims asserted in This Action or any claims that could have been
10 asserted in This Action, which is captioned *Evert v. United States of America, et al.*, C 07-2140
11 JCS.  The fully executed Stipulation of Dismissal will be held by counsel for the Federal
12 Defendants and will be filed with the Court upon receipt by the plaintiff of the settlement
13 amount.
14        7.      In consideration of the payment of Four Thousand and Three Hundred Dollars
15 ($4,300.00) as set forth above, the plaintiff and Marilyn Evert, property owner, hereby release
16 and forever discharge the Federal Defendant, any and all of their past and present agencies,
17 officials, employees, agents, attorneys, successors, and assigns from any and all obligations,
18 damages, liabilities, causes of actions, claims, and demands of any kind and nature whatsoever,
19 whether suspected or unsuspected, arising in law or equity, arising from or by reason of any and
20 all known, unknown, foreseen, or unforeseen injuries, and the consequences thereof, resulting
21 from the facts, circumstances and subject matter that gave rise to This Action, including all
22 claims under the Federal Tort Claims Act ("FTCA"), all constitutional or *Bivens* claims, and any
23 other claim relating to the events of October 1, 2004, or any and all claims that could have been
24 asserted in the Complaint.
25        8.      The Federal Defendant hereby release and forever discharge the plaintiff and
26 Marilyn Evert from any and all obligations, damages, liabilities, causes of actions, claims, and
27 demands of any kind and nature whatsoever, whether suspected or unsuspected, arising in law or
28 equity, arising from or by reason of any and all known, unknown, foreseen, or unforeseen

injuries, and the consequences thereof, resulting from the facts, circumstances and subject matter that gave rise to This Action, including all claims asserted, or any and all claims that could have been asserted in the Complaint.

9. The provisions of California Civil Code Section 1542 are set forth below:

> A general release does not extend to claims which the creditor does not know or suspect to exist in his favor at the time of executing the release, which if known by him must have materially affected his settlement with the debtor.

Plaintiff having been apprised of the statutory language of Civil Code Section 1542, and fully understanding the same, nevertheless elects to waive the benefits of any and all rights he may have pursuant to the provision of that statute and any similar provision of federal law. Plaintiff understands that if the facts concerning Plaintiff's alleged injury and the liability of the Federal Defendant, or its agents, servants, or employees, for damages pertaining thereto are found hereafter to be other than or different from the facts now believed by them to be true, this agreement shall be and remain effective notwithstanding such material difference.

10. The parties acknowledge that neither this agreement nor anything contained herein shall constitute an admission of liability or fault on the part of the Federal Defendant or its agents, servants, or employees. This agreement is entered into by the parties for the purpose of compromising disputed claims, avoiding the expenses and risks of litigation, and buying peace.

11. This agreement may be pled as a full and complete defense to any action or other proceeding, including any local, state or federal administrative action, involving any person or party which arises out of the claims released and discharged by this agreement.

12. If any withholding or income tax liability is imposed upon plaintiff based on payment of the settlement sum as set forth herein, plaintiff shall be solely responsible for paying any such liability. Plaintiff will indemnify and hold harmless the Federal Defendant from any liability the defendants may incur from any government agency arising out of any failure by plaintiff to pay any tax liability he might be responsible for from any government agency.

13. The Federal Defendant agrees that payment of the settlement amount will take no longer than 90 days to process from the date the Court approves this agreement.

14. The parties agree that the District Court shall retain jurisdiction over this matter

1  for the purposes of resolving any dispute alleging a breach of this agreement.

2      15.    Each party acknowledges that they have had the contents of this agreement fully explained to them and are fully aware of and understand all of the terms of the agreement and the legal consequences thereof.  It is further acknowledged that the parties have mutually participated in the drafting of this agreement and it is agreed that no provision herein shall be construed against any party hereto by virtue of the drafting of this agreement.

    16.    If any provision of this agreement shall be held invalid, illegal, or unenforceable, the validity, legality, and enforceability of the remaining provisions shall not in any way be affected or impaired thereby.

    17.    This instrument shall constitute the entire agreement between the parties, and it is expressly understood and agreed that this agreement has been freely and voluntarily entered into by the parties hereto with the advice of counsel, who have explained the legal effect of this agreement. The parties further acknowledge that no warranties or representations have been made on any subject other than as set forth in this agreement.

    18.    The parties agree that this Stipulation for Compromise Settlement and Release, including all the terms and conditions of this compromise settlement and any additional agreements relating thereto, may be made public in their entirety, and Plaintiff expressly consents to such release and disclosure pursuant to 5 U.S.C. § 552a(b).

    19.    The persons signing this Stipulation and Agreement warrant and represent that they possess full authority to bind the persons on whose behalf they are signing to the terms of the settlement.

    20.    This agreement may not be altered, modified or otherwise changed in any respect except in writing, duly executed by all of the parties or their authorized representatives.

///

///

///

1 | Dated: February 15, 2008

/s/
TODD EVERT
Plaintiff

/s/
MARILYN EVERT
Property Owner

JOSEPH P. RUSSONIELLO
United States Attorney

Dated: February 15, 2008

By: /s/
ILA CASY DEISS
Assistant United States Attorney
Attorneys for the United States of America

**PURSUANT TO THE ABOVE STIPULATION AND AGREEMENT, APPROVED AND SO ORDERED:**

Dated: 02/25/08

JCS
United States Magistrate Judge

*Judge Joseph C. Spero*